IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| DANIEL FORD, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:23-cv-37 (CDL) |
| ADRIAN WEST, | * |
| Defendant. | * |
| | * |

O R D E R

Plaintiff Daniel Ford, now proceeding *pro se*, has filed a motion for a new trial against Defendant Adrian West.[1] For the reasons that follow, that motion (ECF No. 59) is denied.

BACKGROUND

Ford is a prisoner who brought an action pursuant to 42 U.S.C. § 1983 against West, a prison guard, for West's alleged failure to protect Ford in violation of Ford's constitutional rights while Ford was in state prison. At the time of the events giving rise to this action and at the time of the jury trial, Ford was a state prisoner serving time for a murder conviction. Upon the recommendation of deputies for the United States Marshal, the Court denied Ford's counsel's motion that

---

[1] Although Ford was not entitled to counsel for this civil case, the Court appointed counsel on a *pro bono* basis for pretrial discovery and trial purposes. The Court allowed counsel to withdraw after the jury verdict, commending counsel for her excellent service to her client and the Court.

Ford not be required to wear leg restraints during the trial. The Court determined that the leg restraints were necessary for security reasons. Although the Court attempted to minimize the visibility of the restraints to the jury, the jury became aware of their existence during the trial when Ford testified from the witness stand. The Court gave a cautionary instruction to the jury to eliminate any prejudice associated with the leg restraints.

Dissatisfied with the jury verdict, Ford now seeks a new trial on two grounds related to the leg restraints: that his counsel was ineffective for failing to immediately request a mistrial when the jury saw his restraints, and that the Court erred and prejudiced Ford by not *sua sponte* declaring a mistrial because the jury saw his leg restraints.

DISCUSSION

Ford's ineffective assistance argument fails because "[t]he Sixth Amendment applies only to criminal proceedings" and this was a civil action. *Barbour v. Haley*, 471 F.3d 1222, 1231 (11th Cir. 2006); *see also Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983) (recognizing a civil litigant has a right to obtain counsel but no right to be provided counsel nor "any assurance that the counsel retained will be effective"). So even if Ford's counsel's performance was ineffective, which this Court is certainly not finding

2

considering Ford's counsel did raise the leg restraint issue in a motion in limine which was denied, Ford would still not be entitled to a new trial on that ground.

Ford's argument that the jury seeing his leg restraints required the Court to declare a mistrial also fails. Ford's appearance in restraints did not impair his right to a fair trial of this civil action. The main prejudice that could have resulted from visible leg restraints is that the jury would know Ford was a prisoner. But that was no secret. It was an undisputed material fact that Ford was a prisoner. His entire claim centered around events that occurred in prison. His status as a state prisoner was not only undisputed; it was essential to his claim. Requiring him to be restrained, particularly after the Court determined that such restraints were necessary for security reasons under the circumstances here, would not cause unfair prejudice. And any slight danger of prejudice was mitigated by the Court's cautionary instruction that he was only wearing them as a part of a general security protocol, that they did not indicate that he was dangerous, and that the jury should not consider the existence of the restraints when deciding his claim.[2] Under these circumstances,

---

[2] Although the Court acknowledges that the restraints were briefly visible to the jury, the Court did take reasonable precautions to limit their visibility, including partially draping counsel and plaintiff's table with a curtain and having plaintiff seated before the jury entered the courtroom.

3

Ford was not so prejudiced by the limited visibility of his restraints that the Court needed to declare a mistrial *sua sponte*. Nor does it entitle him to a new trial.

## CONCLUSION

For the foregoing reasons, Ford's motion for a new trial (ECF No. 59) is denied.

IT IS SO ORDERED, this 16th day of December, 2024.

                                          S/Clay D. Land
                                          CLAY D. LAND
                                          U.S. DISTRICT COURT JUDGE
                                          MIDDLE DISTRICT OF GEORGIA